[L. A. No. 670. Department Two.—September 8, 1899.]

ANNA W. JONES, Administratrix, et cetera, Appellant, v. MARIA A. FALVELLA et al., Respondents.

HOMESTEAD—ALIENATION WHERE ONE SPOUSE IS INSANE—CONSTITUTIONAL LAW—TITLE OF ACT.—The act of March 25, 1874(Stats. 1873-74, p. 582), entitled "An act to enable certain parties therein named to alienate and encumber homesteads," sufficiently indicates the purpose of the act to include provisions for an application to the probate court by a sane spouse, where the other spouse is insane, to enable the sane spouse to alienate or encumber the homestead, upon the terms·and conditions provided for in the act.

ID.—VESTED RIGHTS OF INSANE SPOUSE—DUE PROCESS OF LAW.—The act of March 25, 1874, does not interfere with any vested right of the insane spouse, nor take the property of such spouse without due process of law, and is constitutional and valid.

ID.—COMPLIANCE WITH STATUTE ESSENTIAL—JURISDICTION TO ORDER SALE.—There must be a compliance with the statutory requirements of the act of 1874, and the filing of a petition sufficient in form, under its requirements, to give the court jurisdiction to order the sale of the homestead thereunder.

ID. — CONSTRUCTION OF PETITION — OMISSION TO STATE VALUE OF HOMESTEAD—VOID SALE.—The court will liberally construe the petition in support of a sale, if it states the requisite facts inferentially: but where the petition wholly omits to comply with the statute in stating the value of the homestead, either directly or inferentially, such omission will render the sale void.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. Clark, Judge.

The action was originally brought in the name of Ida M. Butler, an insane person, by Anna W. Jones, her guardian, to quiet her title to the homestead in controversy. Pending the action, Ida M. Butler died, and Anna M. Jones, as administratrix of the estate of Ida M. Butler, deceased, was substituted as plaintiff. The stipulated facts showed that the premises were conveyed to Jesse H. Butler prior to his marriage, and that a homestead was declared thereon by his wife, Ida M. Butler, thereafter, to which the husband was not a party, and that Jesse H. Butler died intestate prior to the death of his wife, and prior to the commencement of this action, leaving his wife as his sole heir. Further facts are stated in the opinion of the court.

M. W. Conkling, for Appellant.

F. R. Willis, and G. W. Baker, for Respondents.

HENSHAW, J.—The action is to quiet title. The facts were stipulated. Jesse H. Butler was the husband of Ida Merrill Butler in March, 1882, at which time the wife filed a declaration of homestead upon the separate property of the husband. In February, 1892, Ida M. Butler was adjudged insane and committed to the asylum at Agnews. In April, 1892, the husband filed a petition to be allowed to sell the homestead under the provisions of an act entitled "An act to enable certain parties therein named to alienate or encumber homesteads." (Stats. 1873-74, p. 582.) The order was granted and the sale was effected. The defendants claim title under this sale. Their title was upheld by the trial court, and judgment was rendered for them accordingly.

The first contention of appellant is against the constitutionality of the act. We think the title of the act sufficiently indicates its purpose, and, as for the other matters, they must be considered as adversely adjudicated by the case of *Rider v. Reagan*, 114 Cal. 667, where the question of the constitutionality of this act received careful consideration.

It is next contended that the court never acquired jurisdiction to order the sale because of the omission of certain statutory requirements from the petition, and that, therefore, the sale is void. Section 3 of the act requires that in the petition shall

be stated the value of the homestead to be sold or encumbered. In the petition which was the foundation of these proceedings there is a total absence of such allegation, nor are there any averments from which an expression of the value may be derived. The court acquires jurisdiction to order a judicial sale only upon the filing of a petition sufficient in form. (*Townsend v. Gordon,* 19 Cal. 189.) The statutory prerequisites to the execution of such a power may be and frequently are in their nature arbitrary, but when the legislature has prescribed them they may not be omitted or ignored. (*Thatcher v. Powell,* 6 Wheat. 119.) Courts have shown great liberality in construing such petitions because of the manifest hardships which result from overthrowing sales for such irregularities, when in other respects they have been fairly conducted; but no court has gone to the length of holding that a petition for such sale is sufficient when there is a total omission of a statutory prerequisite to the conferring of jurisdiction. If, in this case, it could be said with any reason that the value of the property was even inferentially stated, we should be inclined to uphold the sale; but even with an inclination so to do, we are unable to see in any or in all the terms of the petition any language which can be fairly construed into a declaration of value.

The judgment is therefore reversed and the cause remanded.

Van Dyke, J., and McFarland, J., concurred.